**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Whyzdom Antonio Lee Douse, Appellant.

Appellate Case No. 2021-000607

———————————

Appeal From Aiken County
Clifton Newman, Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-245
Submitted June 5, 2023 – Filed June 21, 2023

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, Senior Assistant
Deputy Attorney General Melody Jane Brown, and
Assistant Attorney General Julianna E. Battenfield, all of
Columbia; and Solicitor John William Weeks, of Aiken,
for Respondent.

———————————

**PER CURIAM:** Whyzdom Antonio Lee Douse appeals his conviction for murder and sentence of thirty-three years' imprisonment. On appeal, Douse argues the trial court erred by failing to suppress evidence of an out-of-court eyewitness identification from a single photo. We affirm pursuant to Rule 220(b), SCACR.

During the *Neil v. Biggers*[1] hearing, the eyewitness, Keyshawn Davis, testified he was in a car with the victim, stopped at an intersection, when a red vehicle with two men inside pulled alongside and fired shots into their car. Davis testified that when he was first interviewed by police, he indicated he thought he knew the two men in the red vehicle but did not provide police any names. He explained that following the police interview, he sought information from friends regarding who the red vehicle belonged to, and when he learned who the owner was, he asked a friend to ask the owner if her boyfriend—Douse—had been driving her vehicle at the time of the shooting. According to Davis, when police next interviewed him a few hours after the incident, he told them Whyzdom Douse and Harold Bates were the men he saw in the red vehicle. Subsequently, during a third interview, police showed Davis a single photo and asked if it was a photo of Douse.

We hold the trial court did not abuse its discretion by failing to suppress the out-of-court identification. We note Davis, on his own initiative, sought information from others which ultimately led to Davis providing Douse's name to police. The subsequent single photo police showed to Davis, although it generally would be considered unduly suggestive, was merely confirmatory because the witness had prior knowledge of the accused from attending school together, and he had already provided Douse's full name to police. *See State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial [court's] discretion and will not be disturbed on appeal absent an abuse of discretion, or the commission of prejudicial legal error."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification."); *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 448 (2000) ("Single person show-ups are particularly disfavored in the law."); *id.* at 287, 540 S.E.2d at 447 (stating courts engage in the two-prong inquiry set forth in *Biggers* to determine whether an out-of-court identification is admissible); *State v. Wyatt*, 421 S.C. 306, 310, 806

---

[1] 409 U.S. 188 (1972).

S.E.2d 708, 710 (2017) ("First, the court must determine whether the identification resulted from 'unnecessarily suggestive' police identification procedures."); *id*. ("If the court finds the police procedures were not suggestive, or that suggestive procedures were necessary under the circumstances, the inquiry ends there and the court need not consider the second prong."); *id*. at 311, 806 S.E.2d at 710 ("If, however, the court determines the procedures were both suggestive and unnecessary, the court must then determine 'whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed.'" (quoting *State v. Liverman*, 398 S.C. 130, 138, 727 S.E.2d 422, 426 (2012))); *State v. Mansfield*, 343 S.C. 66, 78, 538 S.E.2d 257, 263 (Ct. App. 2000) ("Reliability is the linchpin in determining the admissibility of identification testimony."); *Liverman*, 398 S.C. at 141-42, 727 S.E.2d at 427 ("[T]he fact that an identification witness knows the accused remains a significant factor in determining reliability. The suggestive nature of a show-up is mitigated by the witness's prior knowledge of the accused. We concur with those jurisdictions that consider the show-up identification procedure, normally considered unduly suggestive, as merely confirmatory.").

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.